# In the United States Court of Federal Claims

No. 16-1256C

(Filed: May 8, 2017)

**(NOT TO BE PUBLISHED)**

```
************************************
                                   )
DENNIS L. MAXBERRY,                )
                                   )
              Plaintiff,           )
                                   )
      v.                           )
                                   )
UNITED STATES,                     )
                                   )
              Defendant.           )
                                   )
************************************  )
```

**FILED**

MAY − 8 2017

U.S. COURT OF
FEDERAL CLAIMS

Dennis L. Maxberry, *pro se*, Chippewa Falls, Wisconsin.

Jessica R. Toplin, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her on the briefs were Chad A. Readler, Acting Assistant Attorney General, Civil Division, Robert E. Kirschman, Jr., Director, and Deborah A. Bynum, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C. Of counsel was Major Patrick McGrath, Litigation Attorney, Military Personnel Law Branch, United States Army Legal Services Agency, Fort Belvoir, Virginia.

## OPINION AND ORDER

LETTOW, Judge.

Plaintiff, Dennis L. Maxberry, brings suit against the United States ("the government"), acting through the United States Army ("Army"), the Army Discharge Review Board ("Review Board"), and the Army Board for Correction of Military Records ("Correction Board") (collectively, "the Army Boards"). Mr. Maxberry alleges that he was wrongfully discharged from the Army in 1978, that he should have been discharged for physical disability, and that he is entitled to disability retirement pay. He also raises miscellaneous claims under the United States Constitution and various federal statutes and regulations. Pending before the court are the government's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC"), or alternatively for judgment on the administrative record, ECF No. 12, plaintiff's cross-motion for judgment on the administrative record, ECF No. 16, plaintiff's motion "for leave to file a statement concerning [and] clarifying the honorable Attorney General's conflict of interest," ECF No. 24, plaintiff's two motions "for leave to file a

discovery issue on the evidence," ECF Nos. 26 and 28, and plaintiff's motion to "suppress items from the administrative record," ECF No. 29.  For the reasons stated, the government's motion to dismiss is granted and plaintiff's motions are denied.

## FACTS[1]

### A. Plaintiff's Military Service and Discharge

Mr. Maxberry served in the Army from September 29, 1976 to June 23, 1978.  AR 39-142.[2]  He was discharged because of "overall demonstrated poor performance," including an Article 15 non-judicial punishment for possession of marijuana, after rehabilitative efforts failed. *See* AR 32-111.

Prior to discharge, Mr. Maxberry received physical and mental health evaluations.  *See* AR 39-152 to -57.  He self-reported that he experienced "depression and excessive worry since entering the Army," but did not report any other physical disabilities or mental conditions.  *See* AR 39-157.  A mental health technician from the Army determined that Mr. Maxberry did not suffer from any psychiatric disorders, and Mr. Maxberry was "psychiatrically cleared for whatever action [was] deemed appropriate by command, to include discharge." AR 39-153.

On June 15, 1978, Mr. Maxberry received notice of his separation from the Army pursuant to the Expeditious Discharge Program.  AR 39-148 to -50.  That program "provide[s] for the expeditious elimination of substandard, nonproductive soldiers," wherein such soldiers must voluntarily consent to separation from the Army and are subsequently discharged "under honorable conditions." Army Reg. 635-200 ¶¶ 5-31(c), (f)(1), (f)(2) (filed with Def.'s Mot. to Dismiss, or Alternative Mot. for Judgment on the Administrative Record ("Def.'s Mot."), App. at A-6, A-7, ECF No. 12).  Mr. Maxberry signed the discharge notice, indicating his voluntary consent to the discharge and acknowledging that he had "been provided the opportunity to consult with an officer of the Judge Advocate General's Corps" and that he could withdraw consent at any time prior to the approval of the discharge by the discharge authority.  AR 39-149 to -50.  On June 23, 1978, Mr. Maxberry was generally discharged from the Army under honorable conditions pursuant to the Expeditious Discharge Program.  AR 39-142, -145.

---

[1]The recitations that follow constitute findings of fact by the court drawn from the administrative record of proceedings before the Army Boards, filed pursuant to RCFC 52.1(a). *See Bannum, Inc. v. United States*, 404 F.3d 1346, 1356 (Fed. Cir. 2005) (explaining that proceedings on the administrative record "provide for trial on a paper record, allowing fact-findings by the trial court").

[2]Citations to the administrative record refer to the record as filed on February 6, 2017 and amended on March 24, 2017.  The record is divided into tabs and paginated sequentially.  The amended record reflects the correct tab designations.  In citing to the administrative record, the court will first designate the tab, followed by the page number.  For example, AR 39-142 refers to tab 39, page 142 of the administrative record.

*B. Proceedings before the Review Board and the Correction Board*

Following his separation from the Army, Mr. Maxberry filed three applications with the Review Board requesting an upgrade to his discharge status. AR 38-130 to -41. He claimed that his discharge under honorable conditions was "completely and totally against [his] will, pride, and judgment." AR 38-131. Upon review of Mr. Maxberry's applications and service history, the Review Board denied his requests on May 1, 1984. *See* AR Tab 32.

In 1985, Mr. Maxberry filed applications with both the Review Board and the Correction Board, again requesting an upgrade to his discharge status and claiming that the circumstances leading up to his discharge under honorable conditions were fictitious. *See* AR 31-101 to -05. On October 15, 1986, the Correction Board denied these applications because they were not timely filed and because Mr. Maxberry "ha[d] not presented, nor [did] the records contain, sufficient justification to establish that it would be in the interest of justice to excuse the failure to file within the time prescribed by law." AR 29-97 to -98.

On June 2, 1987, Mr. Maxberry filed another application to the Correction Board, requesting that his discharge status be changed to a medical disability discharge. *See* AR 26-90; Def.'s Mot. at 4 n.2 (addressing the relevant Army Regulations governing discharges due to medical disability). For the first time, Mr. Maxberry alleged that he suffered a "back injury from a tank incident" during his service, and requested "reserves of his held back disability payment" as a remedy from the Army for allegedly "causing" this injury. AR 26-91. On August 19, 1988, the Correction Board deemed Mr. Maxberry's claim untimely and declined to hear it, and also refused to disturb its earlier decision from 1986. AR 21-84.

Twenty years later, in 2008, Mr. Maxberry filed two more applications to the Correction Board requesting reconsideration of its prior decisions as well as a change in discharge status. *See* AR 19-82; 20-83. Both requests were denied as untimely in March 2009. AR 18-81. Mr. Maxberry proceeded to file five additional applications to the Correction Board and the Review Board between 2010 and 2012 to request that his discharge status be changed, all of which were denied. *See* AR Tabs 10-17. In 2012, he also filed with the Review Board documents from a case that he filed in the United States District Court for the District of Columbia, which the Review Board construed as an additional request for reconsideration and summarily dismissed. *See* AR Tab 9.

In 2014, Mr. Maxberry filed yet another application to the Correction Board, seeking to change his discharge status to a medical discharge. AR 8-42. He was informed by the Correction Board that "[i]n order for the [Correction Board] to consider [his] application, [he] must provide a copy of [his] Army military medical record and any other records that support [his] stated issue." AR 7-40A. There is no indication in the record that Mr. Maxberry filed any such records with the Correction Board.

In 2015, Mr. Maxberry filed four additional applications to the Correction Board seeking to alter his military records. *See* AR Tab 6. In those applications, he requested that the Correction Board upgrade his discharge to an honorable discharge, update his records to reflect medical separation or retirement, correct "his reentry eligibility (RE) code to an RE-1 or RE-2," award him the "'Presidential Citation' and the Sharpshooter Marksmanship Qualification Badge with Rifle Bar," add a "secondary military occupational specialty" to his records, take action

with regard to "his family utilizing his name (and funds) for their personal gain," and delete "information in his military records stating he was in a halfway house." AR 5-17. Waiving the statute of limitations, the Correction Board considered these applications together on May 17, 2016 and denied all requested relief. *See* AR 5-21 to -22. The Correction Board specifically noted that it had denied Mr. Maxberry's prior requests for an upgrade of his discharge status in 1986, 1988, and 2009, as well as all requests for reconsideration of those decisions. AR 5-19. Additionally, the Correction Board concluded that Mr. Maxberry provided no evidence "that he was treated for or suffered from any physical or mental conditions that interfered with the performance of his assigned duties or were of a nature warranting processing through the medical evaluation system," nor did he provide any evidence to support any of his other claims for relief. AR 5-21 to -22. Mr. Maxberry filed an application for reconsideration of this decision, *see* AR Tab 2, which the Correction Board denied for lack of new evidence, AR 1-1.

### C. Proceedings in this Court

On October 3, 2016, Mr. Maxberry filed suit in this court. *See generally* Compl. In his complaint, Mr. Maxberry argues that when he was separated from the Army in 1978, he should have received either an honorable discharge or a medical retirement discharge rather than a discharge under honorable conditions. *See* Compl. at 3. He also asserts that the Army acted fraudulently and in violation of his constitutional rights when discharging him under honorable conditions. *See* Compl. at 3-8. Finally, Mr. Maxberry makes multiple claims under the United States Constitution and federal statutes that are tangentially related to his Army service. *See* Compl. at 9-11. For relief, he requests that his discharge status be changed to an honorable discharge and that the court "impeach" the retirement of the commanding officers who prepared his original discharge paperwork. Compl. at 17. He also seeks back pay, disability pay, retirement pay, retroactive promotions that he allegedly should have received during his Army service, and punitive damages. Compl. at 17.

The government filed a motion to dismiss and, in the alternative, for judgment on the administrative record. *See generally* Def.'s Mot. Mr. Maxberry subsequently filed a motion to be provided with the information the government received from the Army regarding his service and discharge, ECF No. 15, and a motion to intervene on his own behalf, ECF No. 16. The court denied the motion for information as moot and granted the motion to intervene in part, treating it as a response and cross-motion for judgment on the administrative record. *See* Order of Mar. 24, 2017, ECF No. 22. Mr. Maxberry then filed three motions to file additional documents with the court. In the first, Mr. Maxberry seeks to file a document to "clarify[] the . . . Attorney General's conflict of interest" in this case. *See* Pl.'s Statement for Leave to File a Statement Concerning [and] Clarifying the Honorable Attorney General's Conflict of Interest ("Pl.'s First Mot. to Suppl."), ECF No. 24. The second motion requests leave to file any documents that Mr. Maxberry will receive from a Freedom of Information Act ("FOIA") request he had filed with the Army. *See* Pl.'s Statement for Leave to File a Disc. Issue on the Evid. ("Pl.'s Second Mot. to Suppl."), ECF No. 26. The third motion requests leave to file Mr. Maxberry's FOIA request regarding his court-martial records and the Army's response that it has no court-martial records on file for him. *See* Pl.'s Statement for Leave to File a Disc. Issue on the Evid. ("Pl.'s Third Mot. to Suppl."), ECF No. 28. Each of these motions shall be construed as motions to supplement the administrative record because each seeks to add documents to the existing record for the court's review. *See* Def.'s Resp. to Pl.'s Mot. to Suppl. the Administrative Record ("Def.'s Resp.") at 1 n.1, ECF No. 27. Mr. Maxberry has also filed a motion seeking to exclude

4

certain pages of the administrative record from the court's consideration because these pages have allegedly been altered by the Army. *See* Pl.'s Mot. for Leave to File a Mot. and Support of Mot. to Suppress Items from the Administrative Records ("Pl.'s Mot. to Suppress") at 2-3, ECF No. 29. All of these motions have been fully briefed and are ready for disposition.

## STANDARDS FOR DECISION

As plaintiff, Mr. Maxberry has the burden of establishing jurisdiction. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).[3] The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). As a purely jurisdictional statute, however, the Tucker Act does not provide a plaintiff with any substantive rights. *United States v. Testan*, 424 U.S. 392, 398 (1976). To perfect jurisdiction under the Tucker Act, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part) (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *Testan*, 424 U.S. at 398).

In evaluating a motion to dismiss for failure to state a claim under RCFC 12(b)(6), the court examines whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To avoid dismissal, the facts alleged "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Kam-Almaz v. United States*, 682 F.3d 1364, 1367-68 (Fed. Cir. 2012) (quoting *Twombly*, 550 U.S. at 555). The court must accept all factual allegations in the complaint as true and draw "all reasonable inferences in favor of the non-movant," *Sommers Oil Co. v. United States*, 241 F.3d 1375, 1378 (Fed. Cir. 2001) (internal citations omitted), but it need not accept legal conclusions, *Rack Room Shoes v. United States*, 718 F.3d 1370, 1376 (Fed. Cir. 2013) (citing *Iqbal*, 556 U.S. at 678).

## ANALYSIS

### A. Subject Matter Jurisdiction

Mr. Maxberry's claims regarding his discharge from the Army and the denial of promotions are barred by the statute of limitations, and thus are outside of the jurisdiction of this court. "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. This statute of limitations is jurisdictional and cannot be tolled for equitable reasons. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133-34 (2008). Claims

---

[3]Mr. Maxberry has appeared *pro se*, and the submissions of such litigants are traditionally held to "less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam)). "This latitude, however, does not relieve a *pro se* plaintiff from meeting jurisdictional requirements." *Bernard v. United States*, 59 Fed. Cl. 497, 499, *aff'd*, 98 Fed. Appx. 860 (Fed. Cir. 2004) (per curiam); *see also Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

based on unlawful discharge are deemed to accrue upon the plaintiff's discharge or separation from the military, *see Martinez v. United States*, 333 F.3d 1295, 1304 (Fed. Cir. 2003), and claims based on wrongful denial of promotion accrue "at the time the plaintiff is first and finally denied promotion," or at the latest upon the plaintiff's discharge from the military, *Coon v. United States*, 30 Fed. Cl. 531, 540 (1994) (citing *Brownfield v. United States*, 589 F.2d 1035, 1038 (Ct. Cl. 1978)), *aff'd*, 41 F.3d 1520 (Fed. Cir. 1994). Mr. Maxberry was discharged from the Army on June 23, 1978, *see* AR 39-142, giving him six years from that date within which to file claims related to his discharge and promotion status, *i.e.*, until June 23, 1984. As Mr. Maxberry filed suit in 2016, nearly forty years after he was discharged from the Army, his claims for unlawful discharge and unlawfully denied promotion are untimely and thus outside the jurisdiction of this court.

Mr. Maxberry's disability retirement claims are also barred by the statute of limitations. Military disability retirement pay claims fall under 10 U.S.C. § 1201(a), which allows a service member to retire for disability when the member is deemed "unfit to perform the duties of the member's office, grade, rank, or rating because of physical disability incurred while entitled to basic pay." Claims for entitlement to disability pay accrue when "the appropriate military board either finally denies such a claim or refuses to hear it. . . . The decision by the first statutorily authorized board that hears or refuses to hear the claim invokes the statute of limitations." *Chambers v. United States*, 417 F.3d 1218, 1224 (Fed. Cir. 2005) (citations omitted). Mr. Maxberry first sought disability pay from the Correction Board in 1987. *See* AR 26-90. On August 19, 1988, the Correction Board refused to hear Mr. Maxberry's claim for disability pay because it was untimely. AR 21-84. The Correction Board was the "first competent board" to assess Mr. Maxberry's claim for disability pay; as such, this claim accrued for statute of limitations purposes on August 19, 1988. *See Chambers*, 417 F.3d at 1224-25. The statute of limitations expired on August 19, 1994, and therefore Mr. Maxberry's disability retirement claim is untimely and outside the jurisdiction of this court.

Mr. Maxberry also alleges violations of the Fourth, Fifth, Sixth, Eighth, Thirteenth, Fourteenth, and Fifteenth Amendments. The court lacks jurisdiction over these claims because none of these amendments are money-mandating in the context of Mr. Maxberry's allegations. *See Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) (holding that the Fourth Amendment does not mandate payment and therefore such claims are not within the jurisdiction of the court) (citing *Mitchell*, 463 U.S. at 218; *Murray v. United States*, 817 F.2d 1580, 1582-83 (Fed. Cir. 1987)); *Murray*, 817 F.2d at 1583 (holding that the Due Process Clause of the Fifth Amendment is not money-mandating); *Milas v. United States*, 42 Fed. Cl. 704, 710 (1999) (holding that the court lacks jurisdiction over Sixth Amendment claims because the Sixth Amendment is not money-mandating) (citations omitted), *aff'd*, 217 F.3d 854 (Fed. Cir. 1999); *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) ("The Court of Federal Claims does not have jurisdiction over claims arising under the Eighth Amendment as the Eighth Amendment 'is not a money-mandating provision.'") (citations omitted) (per curiam); *Smith v. United States*, 36 Fed. Appx. 444, 446 (Fed. Cir. 2002) (holding that the Court of Federal Claims lacks jurisdiction over "non-contractual monetary claims under the Thirteenth Amendment") (citing *Carter v. United States*, 228 Ct. Cl. 898, 900 (1981)); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that the Equal Protection and Due Process Clauses of the Fourteenth Amendment do not provide "a sufficient basis for jurisdiction because they do not mandate payment of money by the government") (citations omitted); *Hernandez v. United States*,

93 Fed. Cl. 193, 198 (2010) (holding that the Fifteenth Amendment does not support jurisdiction in the Court of Federal Claims).

Further, Mr. Maxberry's statutory claims are not properly before this court. Mr. Maxberry attempts to invoke 42 U.S.C. §§ 1983 and 1986, Compl. at 4, 5, 11, 13, but "jurisdiction over claims arising under the Civil Rights Act resides exclusively in the district courts," *Hardin v. United States*, 123 Fed. Cl. 667, 671 (2015) (quoting *Marlin v. United States*, 63 Fed. Cl. 475, 476 (2005), *appeal dismissed*, 146 Fed. Appx. 491 (Fed. Cir. 2005)). He also cites to numerous provisions of the federal criminal code, including the Speedy Trial Act, Pub. L. No. 93-619, Title I, § 101, 88 Stat. 2076 (codified at 18 U.S.C. § 3161), *see* Compl. at iii, which are outside the jurisdiction of the court, *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) ("The court has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code."); *see also McNutt v. United States*, No. 11-798C, 2012 WL 1151549 at *2 n.2 (Fed. Cl. Mar. 30, 2012) (finding that "[n]othing in the Speedy Trial Act suggests that a violation of its provisions would mandate payment to a criminal defendant" under the circumstances presented in that case). Purported claims under the Defense of Marriage Act, 1 U.S.C. § 7, *see* Compl. at 8-9, and an immigration statute governing document fraud, 8 U.S.C. § 1324c, *see* Compl. at 9, 12, also are improper in this court because the statutes plainly are not money-mandating. Mr. Maxberry's reliance on 31 U.S.C. § 3702(a)(1)(A), which delegates the authority to settle military pay claims to the Secretary of Defense, is also not within the jurisdiction of the court because this statute is only money-mandating "*after* there has been a judgment or a settlement agreement establishing a plaintiff's right to payment." *Duncan v. United States*, No. 04-1845C, 2007 WL 5160386, at *3 (Fed. Cl. Aug. 20, 2007) (emphasis in original). Overall, Mr. Maxberry fails to identify any money-mandating statute that could provide the court with jurisdiction under the Tucker Act.

Mr. Maxberry's claims under the Uniform Code of Military Justice ("UCMJ") also do not confer jurisdiction in this court. This court has limited jurisdiction to review court-martial judgments under the UCMJ where the plaintiff presents a "'narrow collateral attack . . . on constitutional grounds' when traditional Tucker Act jurisdiction is present." *Harris v. United States*, 102 Fed. Cl. 390, 408 (2011) (quoting *Matias v. United States*, 923 F.2d 821, 823 (Fed. Cir. 1990) (in turn quoting *Bowling v. United States*, 713 F.2d 1558, 1560 (Fed. Cir. 1983))). This claim by Mr. Maxberry is factually inappropriate because he was never subject to a court-martial proceeding during his service in the Army. *See* Pl.'s Third Mot. to Suppl., Ex. 1 at 1 (stating that the Army has no records of any court-martial proceedings involving Mr. Maxberry). Therefore, as there is no court-martial record for Mr. Maxberry to collaterally attack, the court lacks jurisdiction over Mr. Maxberry's claims under the UCMJ.

Because Mr. Maxberry fails to identify a money-mandating source of law to support his claims, the court also lacks jurisdiction over his claims for equitable relief, including changes to his discharge status and promotions. *See James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998) (stating that under the Tucker Act, "equitable relief must be 'an incident of and collateral to' a money judgment.") (quoting 28 U.S.C. § 1491(a)(2)). Further, Mr. Maxberry's claim for punitive relief is improper because this court has no authority to award punitive damages. *See Bussie v. United States*, 96 Fed. Cl. 89, 96 (2011), *aff'd*, 443 Fed. Appx. 542 (Fed. Cir. 2011) (citations omitted).

In sum, the court lacks subject matter jurisdiction over plaintiff's claims for the aforementioned reasons, and his complaint therefore shall be dismissed.

### B. Failure to State a Claim

Mr. Maxberry's complaint also fails to state a claim upon which relief could be granted. Most of his claims center on his allegation that his discharge from the Army under honorable conditions was unlawful. *See, e.g.*, Compl. at 3-4. However, Mr. Maxberry voluntarily consented to being discharged under these conditions. To receive relief under the Military Pay Act, 37 U.S.C. § 204, a plaintiff must "establish that his separation was involuntary . . . or else his claim falls for failure to state a claim upon which relief can be granted." *Metz v. United States*, 466 F.3d 991, 998 (Fed. Cir. 2006). Soldiers must voluntarily consent to separation under the Expeditious Discharge Program, the circumstance under which Mr. Maxberry was discharged. *See* Army Reg. 635-200 ¶¶ 5-31(f)(1); AR 39-149 to -50. Mr. Maxberry has not presented any evidence to establish that his discharge under honorable conditions was anything but voluntary. Plaintiff therefore fails to state a claim under the Military Pay Act upon which relief could be granted, so his complaint must be dismissed.[4]

### C. Plaintiff's Motions to Supplement the Administrative Record

Mr. Maxberry further seeks to supplement the administrative record in this case with additional documents he has received or expects to receive through FOIA requests that relate to his Army service. *See* Pl.'s First Mot. to Suppl. at 1-2; Pl.'s Second Mot. to Suppl. at 1; Pl.'s Third Mot. to Suppl. at 1. This court undertakes limited review of decisions by the Correction Board and Review Board, determining only whether the decision is "arbitrary, capricious, unsupported by substantial evidence, or contrary to law." *Metz*, 466 F.3d at 998 (quoting *Porter v. United States*, 163 F.3d 1304, 1312 (Fed. Cir. 1998) (in turn citing *Skinner v. United States*, 594 F.2d 824 (Ct. Cl. 1979))). "[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743 (1985) (quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973)). For this reason, the court's review of the Army Boards' decisions regarding Mr. Maxberry's military service is limited to the administrative record that was before the Boards. *See Metz*, 466 F.3d at 998 (citing *Cunkelman v. United States*, 229 Ct. Cl. 857 (1982)). The record should only be supplemented "if the existing record is insufficient to permit meaningful review," *Axiom Res. Mgmt., Inc. v. United States*, 564 F.3d 1374, 1381 (Fed. Cir. 2009), such as "when an agency fails or omits to address or explore claims of bias or a conflict of interest," *Riser v. United States*, 93 Fed. Cl. 212, 217-18 (2010) (citing *Impresa Construzioni Geom. Domenico Garufi v. United States*, 238 F.3d 1324, 1338-39 (Fed. Cir. 2001)), *recons. denied*, No. 09-712C, 2010 WL 3528894 (Fed. Cl. Sept. 2, 2010).

No circumstances exist in this case to justify the addition of Mr. Maxberry's supplements to the administrative record. The first request concerns the documents already submitted by the government in its motion to supplement the administrative record, *see* Pl.'s First Mot. to Suppl. at 5, which has been granted by the court, *see* Order of Mar. 24, 2017. The second request seeks

---

[4]As the court grants the government's motion to dismiss pursuant to RCFC 12(b)(1) and 12(b)(6), it need not consider the government's alternative motion for judgment on the administrative record.

to supplement the record in the future with information gleaned from pending FOIA requests. Pl.'s Second Mot. to Suppl. at 2. As the government notes, the Army has since responded to these requests and directed Mr. Maxberry to his Official Military Personnel File, which is held by the National Personnel Records Center. Def.'s Resp. Ex. 2. This file is already part of the administrative record, AR Tab 39, and therefore can be considered by the court without supplementing the record. Finally, Mr. Maxberry seeks to add a FOIA response from the United States Army Court of Criminal Appeals stating that there is no record that he was subject to any court-martial proceedings. Pl.'s Third Mot. to Suppl., Ex. 1 at 1. This information is already in the record and is not pertinent to the court's decision. Therefore, as all of the proposed supplementary information is either already in the administrative record or is inapposite to the court's assessment of the record, plaintiff's motions to supplement the administrative record are denied.[5]

## CONCLUSION

For the reasons stated, the government's motion to dismiss is GRANTED, plaintiff's motion for judgment on the administrative record is DENIED, plaintiff's motions to supplement the administrative record are DENIED, and plaintiff's motion to suppress certain pages of the administrative record is DENIED. The clerk shall enter judgment in accord with this disposition.

No costs.

It is so **ORDERED**.

Charles F. Lettow
Judge

---

[5]Plaintiff's motion to suppress certain pages from the administrative record is also denied. Plaintiff seeks to exclude parts of the administrative record related to his Article 15 punishment for marijuana possession as well as other misdeeds during his Army service that preceded his separation under the Expeditious Discharge Program. *See* AR 39-158 to -67, -171 to -72, -174, -177 to -79; Pl.'s Mot. to Suppress at 2. These documents are part of Mr. Maxberry's Army personnel record and were considered by the Army Boards during Mr. Maxberry's various petitions. Because these documents were part of the record before the Army Boards and are relevant to the court's analysis here, and because Mr. Maxberry has not presented a logical or compelling reason as to why they should be suppressed, the court maintains them as part of the record and denies Mr. Maxberry's motion to suppress.